IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE CO., *et al.*, | ) ) ) |
| Plaintiffs, | ) CASE NO. 1:11 CV 02386 ) ) |
| v. | ) JUDGE DONALD C. NUGENT ) |
| MOTOR COACH INDUSTRIES, INC., *et al.*, | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| Defendants. | ) |

Plaintiff National Interstate Insurance Company ("NIIC") brings this action as the subrogee of NIIC's insured, Plaintiff Brecksville Road Transit, Inc. ("Brecksville"). Plaintiffs NIIC and Brecksville have sued Defendants Motor Coach Industries, Inc. ("MCI") and Caterpillar, Inc. ("Caterpillar") for products liability and negligence after a charter bus owned by Brecksville was destroyed by a fire allegedly caused by defective battery cables manufactured by MCI and Caterpillar. The case was removed to this Court on November 4, 2011, invoking the Court's diversity jurisdiction.

Defendants have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that Ohio's economic loss doctrine precludes Plaintiffs' claims. (ECF #s 7 and 8.) Plaintiffs have opposed the Motions to Dismiss, and Defendants have replied. Thus,

the Motions to Dismiss are ripe for consideration.

The Motions to Dismiss (ECF #s 7 and 8) are GRANTED. As discussed below, the economic loss doctrine bars Plaintiffs' claims.

## I. FACTUAL BACKGROUND

The Complaint alleges that Brecksville is engaged in the charter bus business. Brecksville owned a 45 foot motor coach manufactured by MCI, Model No. J450 and serial no. 2493jmD435W062766. The motor coach was insured by NIIC under an insurance policy issued to Brecksville. The Complaint does not reveal whether Brecksville purchased the coach directly from MCI or from a third party.

On October 3, 2009, a fire destroyed the motor coach, causing $290,361.23 in damage. NIIC paid Brecksville $285,361.23 under the insurance policy, and became subrogated in that amount. Brecksville apparently paid a deductible of $5,000, and seeks judgment in that amount.

Plaintiffs NIIC and Brecksville allege that the fire which destroyed the motor coach was caused by defective battery cables manufactured by MCI and Caterpillar. Plaintiffs contend that the defective design or manufacture of the battery cables caused chafing that ultimately led to the fire. Plaintiffs further claim that the fire was caused by Defendants' failure to warn.

Based on their allegations, Plaintiffs have brought only two claims against MCI and Caterpillar: (1) products liability (Count One), and (2) negligence (Count Two). Plaintiffs seek to recover $290,361.23, the alleged value of the motor coach. Plaintiffs do not allege or seek damages to persons or property other than the motor coach.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the Court must assess, given the

material required to be in the complaint, whether the complainant can prove a set of facts entitling the complainant to recovery on the allegations against the moving party. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In making this assessment, the Court must take only well-pleaded factual allegations as true and reject allegations that are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

The standard articulated in *Iqbal* and *Twombly* is designed to screen out more than "little green men" cases; the standard is designed to screen out cases that, while not utterly impossible, are implausible. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009). As explained below, Plaintiffs' Complaint fails to state a claim that is plausible on its face.

### III. DISCUSSION

Defendants request dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the economic loss doctrine bars Plaintiffs' tort claims for products liability and negligence, including failure to warn. The economic loss rule generally prevents recovery of damages for purely economic loss in connection with a tort claim. *Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 414 (2005); *Floor Craft Floor Coverings, Inc. v. Parma Cmty. Gen Hosp. Ass'n*, 54 Ohio St.3d 1, 3 (1990). "Economic loss" encompasses direct and indirect loss, and includes the loss attributable to the decreased value of the product itself. *Chemtrol Adhesives, Inc. v. Am. Mfgs. Mut Ins. Co.*, 42 Ohio St.3d 40, 45 (1989).

The economic loss rule maintains a balance between tort law, which is designed to redress losses suffered by the breach of a duty imposed by law to protect societal interests, and

-3-

contract law, which establishes that parties to a commercial transaction should remain free to govern their own affairs. *Chemtrol*, 42 Ohio St.3d at 42. The Supreme Court of Ohio explained the reasoning behind the economic loss rule:

> The reason for denying recovery in negligence for purely economic loss lies not in a failure to find "negligent" conduct by the manufacturer, nor in a lack of proximate relationship between that conduct and the consumer's injury. Rather, the key factor is the extent, and more important, the source, of the duty owed by the manufacturer to the consumer. In negligence, the law imposes upon the manufacturer of a product the duty of reasonable care. That duty protects the consumer from physical injury, whether to person or property. However **the law of negligence does not extend the manufacturer's duty to protect the consumer's economic expectations, for such protection would arise not under the law but rather solely by agreement between the parties.**

*Id.* at 45 (emphasis added). The Ohio Supreme Court later expounded upon this rationale by explaining that "[t]ort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." *Floor Craft*, 54 Ohio St.3d at 7.

Plaintiffs do not dispute that their claims sound in tort, and are for economic loss only. Plaintiffs seek to recover for the decreased value of the motor coach caused by the fire that allegedly resulted from Defendants' tortious actions. Plaintiffs do not seek to recover for any personal injury or damage to property other than the motor coach.

Plaintiffs contend that their tort claims for economic loss are not barred by the economic loss doctrine because the Complaint is silent regarding whether Plaintiffs are in contractual privity with MCI and Caterpillar.[1] Plaintiffs argue that economic losses are recoverable in tort

---

[1] Plaintiffs filed with their Opposition an affidavit seeking to establish that Brecksville purchased the motor coach from a third party, and that Plaintiffs and Defendants are not in privity of

-4-

between commercial entities that have not contracted with each other. In support of their argument, Plaintiffs rely on a single case from Ohio's tenth appellate district which held that a commercial purchaser lacking privity of contract could maintain its claims for economic losses under breach of implied warranty and strict products liability theories. *Ohio Department of Administrative Services v. Robert P. Madison International, Inc.*, 138 Ohio App. 3d 388 (10th Dist. 2000). *Ohio Department of Administrative Services* apparently has never been followed and directly contradicts other Ohio cases which refuse to extend tort-based causes of action to commercial buyers not in privity who are seeking to recover economic losses. *See, e.g., Midwest Ford, Inc. v. C.T. Taylor Co., Inc.*, 118 Ohio App. 3d 798, 805 (9th Dist. 1997) (the policies of product liability law articulated by Ohio courts would not be served by extending a tort-based cause of action to a commercial buyer, even if that buyer was not in privity with the manufacturer or up-stream seller); *Trgo v. Chrysler Corp.*, 34 F. Supp. 2d 581, 591 (N.D. Ohio 1998) (plaintiff commercial buyers were not permitted to pursue economic losses in tort).

The Sixth Circuit has specifically rejected the holding in *Ohio Department of Administrative Services*. After an in-depth analysis of Ohio law, the Sixth Circuit held that commercial parties lacking privity, as opposed to non-commercial parties, are foreclosed from recovering economic losses in tort.[2] *HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332

---

contract. Under Rule 12(d), the affidavit is improper as a matter outside the pleadings. Nonetheless, even if the affidavit is considered in connection with the Opposition to the Motions to Dismiss, it does not defeat the Motions for the reasons explained in this Opinion.

[2]

Plaintiffs do not appear to contest that they are commercial buyers as opposed to non-commercial consumers. To the extent Plaintiffs insinuate that Brecksville enjoys special status because it is only a "small bus company," their arguments lack merit. Regardless of its size, Brecksville is an Ohio corporation. NIIC, a corporation licensed to do business in

F.3d 1025, 1029 (6th Cir. 2003). The Sixth Circuit explained in *HDM* that to allow commercial parties lacking privity to recover in tort for economic losses would disturb the balance between tort and contract law by undoing the contractual risk allocations bargained for by the manufacturer or up-stream seller. Specifically, the Sixth Circuit stated:

> Among commercial parties, the U.C.C. provides a comprehensive scheme for parties to recover their economic losses, and **permitting commercial parties to recover economic losses in tort would allow a purchaser to reach back up the production and distribution chain, thereby disrupting the risk allocations that have been worked out in the transactions comprising the chain.** Moreover, policies underlying Ohio's strict liability are forcing manufacturers to internalize and redistribute the cost of injuries because they are in the best position to do so and relieving average consumers of the "burden" of proving negligence. These policies do not favor allowing commercial parties to recover their economic losses.

*Id.* at 1030 (emphasis added).

When a panel of the Sixth Circuit has rendered a decision interpreting state law, that interpretation is binding on district courts in the circuit. *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). Accordingly, in light of the Sixth Circuit's holding in *HDM*, as well as its rejection of the holding in *Ohio Department of Administrative Services*, Plaintiffs' request that this Court adopt the holding set forth in *Ohio Department of Administrative Services* must be denied. Claims in tort for purely economic damages are not available to commercial buyers lacking privity of contract. It is undisputed that Brecksville is a commercial entity, and that this status extends to NIIC as Brecksville's subrogee. Consequently, Plaintiffs may not pursue tort causes of action for purely economic damages. Plaintiffs' Complaint is dismissed under Rule

---

Ohio, stands in the shoes of its insured. Thus, both parties are commercial entities.

12(b)(6) for failure to state a claim upon which relief may be granted.[3]

## IV. CONCLUSION

Defendants' Motions to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) are GRANTED for all of the reasons stated herein.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: January 26, 2012

---

[3] Plaintiffs do not appear to argue that the loss of the motor coach constitutes recoverable non-economic damage because the motor and/or battery cables are separate property from the rest of the motor coach. Such an argument is foreclosed by *East River*, 476 U.S. 858, 867 (1986) and *HDM*, 332 F.3d at 1031 (components of a product are considered "the product" when calculating damages, so any damage to a component is considered direct economic loss).